IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SHAUN P. GARVEY,

       Plaintiff,

  v.                                   Civil Action No.
                                       5:16-CV-1072 (BKS/DEP)

GMR MARKETING,

       Defendant.

---

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

SHAUN P. GARVEY, *Pro se*
P.O. Box 12
Liverpool, NY 13090

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

    *Pro se* plaintiff Shaun P. Garvey has commenced this employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against defendant GMR

Marketing.[1] Pursuant to 28 U.S.C. § 1915(e), I reviewed plaintiff's original complaint and accompanying application to proceed in the action *in forma pauperis* ("IFP"), and issued a report, recommendation, and order granting plaintiff's request to proceed IFP and recommended to the assigned district judge that plaintiff's complaint be dismissed with leave to replead. Plaintiff has availed himself of the opportunity to amend, and his amended complaint has been forwarded to me for review. For the reasons set forth below, I recommend that plaintiff's amended complaint be dismissed.

I. BACKGROUND

Plaintiff's amended complaint is not a model of clarity. Liberally construed, however, it appears that plaintiff alleges that he was an employee of defendant GMR Marketing at some time but was ultimately fired because he is a homosexual. Dkt. No. 6 at 3. More specifically, plaintiff contends that defendant GMR Marketing terminated his employment based on false accusations that he offered sexual favors to customers, and that those accusations were pretext for discriminating against him based on his sexual orientation. *Id.* at 3-4.

---

[1] Plaintiff commenced a second action in this district involving nearly identical factual allegations against a different named defendant. *See Garvey v. Connect Wireless*, No. 16-CV-1071 (N.D.N.Y. filed Sept. 1, 2016) (BKS/DEP).

II. DISCUSSION

A. Analysis of Plaintiff's Amended Complaint

1. Standard of Review

As was discussed in my first report addressing plaintiff's original complaint, because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in the complaint in this action in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an

overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Title VII Claim

Under Title VII, "[i]t shall be an unlawful employment practice for an employer – (1) to . . . discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1); *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998). Absent direct evidence of discrimination, to sufficiently allege a *prima facie* case of sex discrimination under Title VII, a plaintiff must plead facts plausibly suggesting that (1) he was within a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009), *superseded by statute on other grounds as recognized by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013).

In this case, as he did in his original complaint, plaintiff asserts a Title VII discrimination claim against defendant GMR Marketing for allegedly firing him on the basis of his sexual orientation. Dkt. No. 6 at 3-4. As I explained in my previous report addressing plaintiff's original complaint, while the law regarding this issue may further evolve, at the present time Title VII does not proscribe discrimination based on sexual orientation. *Simonton v. Runyon*, 232 F.3d 33, 35-36 (2d Cir. 2000). Accordingly, because plaintiff cannot demonstrate that he is a member of a protected class under Title VII, I recommend that his discrimination claim be dismissed.[2]

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

---

[2] I have considered whether plaintiff's amended complaint alleges sufficient facts to plausibly allege a gender stereotyping theory of liability under Title VII, "according to which individuals who fail or refuse to comply with socially accepted gender roles are members of a protected class." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 218 (2d Cir. 2005). Even liberally construed, however, there is nothing in plaintiff's amended complaint suggesting that the alleged discrimination from which he suffered was based on his nonconformity with gender stereotypes. Indeed, plaintiff's amended complaint explicitly alleges that he was discriminated against due to his homosexuality. Dkt. No. 6 at 4.

7

requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, the deficiencies identified with respect to plaintiff's discrimination claim as it is pleaded in his amended complaint are substantive in nature and no further amendment would cure them. Plaintiff has already been given one opportunity to amend his complaint to include a viable employment discrimination claim, yet he persists with his theory of

discrimination based on sexual orientation in his amended complaint now under review. Accordingly, I discern no reason to recommend that leave to amend be granted.

III. SUMMARY AND RECOMMENDATION

Because discrimination based on sexual orientation is not protected by Title VII, plaintiff's amended complaint should be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint, Dkt. No. 6, be DISMISSED, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   October 6, 2016
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge