**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SHAUN GARVEY,**

                      **Plaintiff,**

**v.**                                         **5:16-CV-1072 (BKS/DEP)**

**GMR Marketing,**

                      **Defendant.**
_____

**Appearances:**

**Shaun Garvey**
Liverpool, NY 13088
Plaintiff, pro se

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Shaun Garvey commenced this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., against GMR Marketing.[1] (Dkt. No. 1). Presently before the Court are: (1) the Report and Recommendation by United States Magistrate Judge David E. Peebles recommending that the amended complaint be dismissed (Dkt. No. 9); and (2) Plaintiff's proposed second amended complaint, which the Court construes as a motion to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 10). For the following reasons, the Court adopts the Report and Recommendation in its entirety and denies Plaintiff's motion to amend the complaint.

---

[1] Plaintiff has commenced a second action in this district involving identical factual allegations against Connect Wireless. *See Garvey v. Connect Wireless*, No. 16-cv-1071 (N.D.N.Y. filed Sept. 1, 2016) (BKS/DEP).

## II.     PROCEDURAL HISTORY

On September 9, 2016, Magistrate Judge Peebles issued a Report, Recommendation and Order granting Plaintiff's in forma pauperis application and recommending that the complaint be dismissed under 28 U.S.C. § 1915(e) for failure to state a claim, with leave to replead. (Dkt. No. 5, pp. 11–12). Magistrate Judge Peebles advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the report and recommendation, and that the failure to object would preclude appellate review. (*Id*. at p. 12). No objections to the Report and Recommendation were filed. However, on September 26, 2016, Plaintiff filed an amended complaint, (Dkt. No. 6), as he was entitled to do under Fed. R. Civ. P. 15(a)(1).

As no objections to the Report and Recommendation were filed, the Court reviewed for clear error and found none. (Dkt. No. 8). However, because the amended complaint superseded the original complaint in all respects, the Court rejected as moot the portion of the Report and Recommendation that recommended dismissal of the complaint and referred the amended complaint to Magistrate Judge Peebles for review. (*Id*.).

On October 6, 2016, Magistrate Judge Peebles issued a Report and Recommendation finding that the amended complaint contained the same deficiencies as the original complaint, and recommended that it be dismissed. (Dkt. No. 9, pp. 7–8). Magistrate Judge Peebles further recommended that the Court not grant Plaintiff leave to amend, explaining that the deficiencies in this case are "substantive in nature," "no further amendment would cure them," and "Plaintiff has already been given one opportunity to amend his complaint to include a viable employment discrimination claim," but has failed to do so. (*Id*.). Magistrate Judge Peebles advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the report and recommendation, and that the failure to object would preclude appellate review.

(*Id*. at p. 9). No objections were filed. On October 24, 2016, however, Plaintiff filed a second amended complaint. (Dkt. No. 10).

## III. DISCUSSION

### A. Report and Recommendation

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

To the extent the assertions in proposed second amended complaint may be construed as objections, the Court has considered them under de novo review, and rejected them as without merit for the reasons set forth in the Report and Recommendation. (Dkt. No. 9, pp. 6–8). Plaintiff has cited the EEOC website, but EEOC's determination that claims for sexual orientation discrimination may be brought under Title VII is not binding on federal courts, *Christiansen v. Omnicom Grp., Inc.*, 167 F. Supp. 3d 598, 619 (S.D.N.Y. 2016), and this Court is bound by the Second Circuit's decision in *Simonton v. Runyon*, 232 F.3d 33, 36 (2d Cir. 2000).

### B. Motion to Amend the Complaint

As noted, after Magistrate Judge Peebles issued the Report and Recommendation, Plaintiff filed a second amended complaint. (Dkt. No. 10). As Plaintiff already filed an amended complaint, (Dkt. No. 6), he may only amend the complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In an excess of caution and in view of Plaintiff's pro se status, the Court construes the second amended complaint as a motion to amend.

"Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). As Magistrate Judge Peebles explained: "An opportunity to amend is not required . . . where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" (Dkt. No. 9, p. 8) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

While mindful that "[a] pro se complaint is to be read liberally," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), and that the "court should freely give leave" to amend, Fed. R. Civ. P. 15(a)(2), because the proposed second amended complaint suffers from the same defects as the complaint and amended complaint, the Court finds amendment would be futile.[2]

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 9) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the amended complaint (Dkt. No. 6) is **DISMISSED**; and it is further

**ORDERED** that Plaintiff's motion to file a second amended complaint (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

---

[2]Plaintiff alleges that his employer discriminated against him and terminated his employment in retaliation for "speaking up against" those who "insult[ed] unlawfully, transgendered men and women." (Dkt. No. 10, p. 6). Even if discrimination on the basis of transgender identity is cognizable under Title VII, *see Fabian v. Hospital of Central Connecticut*, 172 F. Supp. 3d 509, 527 (D. Conn. 2016), there is no indication in the proposed second amended complaint, or any prior pleading that Plaintiff was opposing an employment practice involving such discrimination. Plaintiff has alleged that he "was employed for one day," (Dkt. No. 1, p. 3), and that "the manager of the location . . . was insulting and discriminatory towards gays and transgendered people, and in defense I was very unhappy with his behavior and . . . complained." (*Id.* at p. 1). Plaintiff's alleged defense regarding these insults is not protected activity under Title VII. *See Wimmer v. Suffolk Cty. Police Dept.*, 176 F.3d 125, 135 (2d Cir. 1999) (finding that "a complaint of retaliation for opposing discrimination by co-employees against non-employees" did not constitute protected activity under Title VII because the "opposition was not directed at an unlawful employment practice of [the] employer.").

4

the Local Rules.

**IT IS SO ORDERED.**

**Dated: November 28, 2016**

Brenda K. Sannes
U.S. District Judge